UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 06-098 (JR) |
| | : | |
| v. | : | |
| | : | |
| **MICHELLE L. NEWMAN,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits in the above-referenced matter this memorandum in aid of sentencing of defendant Michelle L. Newman. As is discussed below, the government requests a sentence within the applicable federal sentencing guidelines range of six to twelve months, deferring to the Court as to the actual sentence within the guidelines, but would not oppose a sentence of probation that includes a condition of community confinement or home detention, and requests that defendant be ordered to make restitution of $70,000.

### I. FACTUAL BACKGROUND

On April 20, 2006, the government filed an Information charging defendant with bank theft, in violation of 18 U.S.C. § 2113(b). On May 10, 2006, defendant pled guilty to the Information. Sentencing is now set before the Court on July 26, 2006, at 9:30 a.m.

According to the statement of offense filed in this matter and the Presentence Investigation Report ("PSR"), at page 4, ¶ 7-10, both of which were agreed to by the defendant, PSR, at page 5, ¶ 13, at all relevant times, defendant was employed at SunTrust Bank in the Wealth Management Division. Defendant's Division was based in the District of Columbia  As part of her duties, defendant traveled to visit SunTrust's offices in the District of Columbia, Virginia and Maryland.

In July of 2005, officials at SunTrust became concerned about general ledger entries made by defendant for alleged client functions and expenses or supplies that reportedly had been requested by specific team leaders and approved by defendant's supervisors. The SunTrust officials noted that a number of ledger entries for the debit ticket to pay these expenses made during the first six months of 2005 had forged signatures authorizing payments and that the offsetting credit ticket for each entry was deposited into the personal checking account of defendant.

An investigation of this matter showed more than 400 debits with corresponding credits being made to defendant's checking account. The respective team leaders, however, all denied that the events took place or, if there was a function, the team leaders stated that if there was such an event it would not have required the monetary expense submitted by defendant. Each of the team leaders said they would have used their corporate credit cards for client entertainment. A bank investigator contacted defendant's supervisors for the relevant period. Both stated that the expenses would not have been authorized and the authorizing signatures were not their respective signatures.

Defendant submitted her resignation to SunTrust Bank on or about July 14, 2005. At that time, defendant told bank officials that her file for receipts for the expenses she submitted was missing. On or about July 26, 2005, a bank investigator met with defendant. At that time, defendant admitted to the investigator that she had developed a gambling habit in early 2002 and used the credits from the fraudulent general ledger expense entries to pay for her gambling.

A review of bank records for 2002 through 2005 showed a loss to SunTrust Bank of at least $70,000 from the activities of defendant.

## II.  UNITED STATES SENTENCING GUIDELINES ("USSG")

The probation officer believes, and the United States concurs, that the defendant's resulting Total Adjusted Offense Level for the offense is 10, her Criminal History category is I, and her USSG range is 6 to 12 months.  PSR, at page 5, ¶ 24, and page 12, ¶ 65.  Because the applicable guidelines range is in Zone B, defendant is eligible for probation provided the Court imposes a condition that substitutes intermittent confinement, community confinement or home detention for at least six months.  *Id.*, at page 13, ¶ 72.

## III.  RECOMMENDATION

The defendant used her position with SunTrust Bank to steal this money.  Her theft occurred over a significant period of time and involved her creating fraudulent documents with forged signatures of her supervisors.  Defendant, by her actions, engaged in criminal conduct and violated the confidence and trust put in her by her employer.  Furthermore, the integrity of the banking system and the public's confidence in it depends, in large part, on the trustworthiness of its employees.  Defendant has taken away from that sense of integrity and public confidence.  And she did so, in part, to pay for gambling.

On the other hand, defendant quickly admitted her guilt and agreed to make restitution.  Moreover, although she is thirty-two years old, she has no prior criminal record.

Accordingly, the government, requests that the Court impose a sentence within the guidelines, but defers to the Court as to the actual sentence.  In light of all the circumstances discussed above, however, the government would not oppose a sentence of probation with a condition of community confinement or home detention.  Furthermore, as part of the plea, defendant agreed to make restitution to SunTrust Bank of $70,000.  Plea Letter, March 23, 2006, at page 2, ¶

4; PSR, at page 3, ¶ 2, and page 12, ¶ 81.  The government respectfully requests that the Court order the defendant to pay that amount of restitution.  It does not appear, however, that defendant has the ability to pay a fine.  PSR, at page 10, ¶ 63.

                                                      Respectfully Submitted,

                                                      KENNETH L. WAINSTEIN
                                                      UNITED STATES ATTORNEY
                                                      D.C. Bar Number 451058

By:          / s /
_____
DANIEL P. BUTLER
D.C. Bar #417718
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-9431
Daniel.Butler@usdoj.gov